REYNA, Circuit Judge,
concurring.
I agree that the asserted claims in this case would have been obvious to a person of ordinary skill in the art at the time of the invention. I write separately to express two concerns.
I.
I am troubled that the Board improperly employed a two-step approach in its obviousness analysis. It first made initial conclusions of obviousness and only later considered Depomed’s objective indicia of nonobviousness. By failing to correct the Board’s mistake and instead discussing only its ultimate conclusion of obviousness, the majority appears to accept such a two-step framework.
The Board’s approach is inconsistent with our precedent. We repeatedly have stated that objective indicia of non-obviousness are vital to an obviousness determination, not evidence to be ignored or mentioned as a mere afterthought.[1] Such *954 evidence is an important safeguard against hindsight bias,[2] and “may often be the most probative and cogent evidence in the record.” Stratoflex, 713 F.2d at 1538; see also Mueller on Patent Law § 9.02[C][2][b] (2012) (noting that the four Graham factors, including objective indi-cia, “have come to be essential to every nonobviousness analysis”).
Of particular concern is the establishment of a prima facie standard in the obviousness analysis, whether actual or constructive. In an IPR, the law does not contemplate a burden-shifting test in the treatment of objective evidence of non-obviousness. But in this case, the Board employed just such a test. First, it made prima facie determinations of obviousness. See J.A. 17 (“[W]e hold that Petitioner has shown by a preponderance of the evidence that independent claim 1 is unpatentable under 35 U.S.C. § 103(a) for obviousness in view of the Shell 1998 Publication.”); J.A. 28 (“[W]e hold that Petitioner has shown by a preponderance of the evidence that dependent claims 3-5 and 10-13 are unpatentable under 35 U.S.C. § 103(a) for obviousness in view of the Shell 1998 Publication.”). Only later—in a different section under a different heading—did it consider Depomed’s objective indicia of non-obviousness.[3] See J.A. 34. Deferring consideration of objective indicia until after deciding a claim would have been obvious allows hindsight bias to creep into step one (the prima facie showing) and limits the meaningfulness of step two. The Board then compounded its error by failing to address all of Depomed’s objective indicia. For instance, it labeled one section, “Undue Experimentation and Unexpected Results.” J.A. 39. But under that heading, the Board wholly failed to discuss unexpected results. See J.A. 39-40. This was error.
We have held that district courts may not employ a two-step burden-shifting scheme in an obviousness analysis. Cyclobenzaprine, 676 F.3d at 1075. In Cyeloben-zaprine, the distinct court erred by making an obviousness determination before considering the patentee’s objective indicia of non-obviousness. We noted that a fact finder must “consider all evidence relating to obviousness before finding a patent invalid on those grounds.” Id. Failure to do so *955 results in an impermissible burden-shifting scheme for which there is “no practical need.” Id. at 1080 n.7.
As we explained in Cyclobenzaprine, the prohibition against burden-shifting does not apply to ex parte patent prosecution proceedings, and for good reason. “During prosecution, a patent applicant, as a practical matter, may not have the opportunity to present objective evidence unless and until an examiner reviews the application and issues an obviousness rejection.” Id. In other words, objective indicia may not be available until well after the examiner first considers the prior art, so it makes sense for the examiner to make a prima facie determination of obviousness and later consider any objective indicia of non-obviousness. Id. An IPR, on the other hand, is in many ways unlike ex parte prosecution.
For purposes of evaluating whether claims would have been obvious, particularly in light of the practical considerations discussed in Cyclobenzaprine, an IPR proceeding is more akin to litigation. As in litigation, “validity, rather than patentability, is the issue.” Id. And in both forums, “all evidence is presented to the fact finder in a single proceeding.” Id. Just as a jury hears evidence of both prior art and objective indicia before making its obviousness finding, so too the Board should hear all relevant evidence before determining whether asserted claims would be been obvious. For these reasons, I believe Cy-clobenzaprine’s prohibition on a burden-shifting scheme for obviousness should apply in the IPR context.[4] And indeed it does.
Recently, we held that burden-shifting “does not apply in the adjudicatory context of an IPR.” In re Magnum Oil Tools Int'l, Ltd., 829 F.3d 1364, 1375 (Fed. Cir. 2016). We stated:
Where, as here, the only question presented is whether due consideration of the four Graham factors renders a claim or claims obvious, no burden shifts from the patent challenger to the patentee. This is especially true where the only issues to be considered are what the prior art discloses, whether there would have been a motivation to combine the prior art, and whether that combination would render the patented claims obvious.
Id. at 1376. One of the four Graham factors is objective indicia of non-obviousness. As such, in an IPR, the Board should not first make an obviousness determination only later to consider the patentee’s objective indicia of nonobviousness. Doing so risks succumbing to the very hindsight bias that objective indicia are intended to ameliorate. See KSR, 550 U.S. at 421, 127 S.Ct. 1727; Graham, 383 U.S. at 36, 86 S.Ct. 684; Cyclobenzaprine, 676 F.3d at 1079. In light of Magnum Oil, the Board erred by considering Depomed’s objective indicia only after determining that certain claims would have been obvious.
II.
My second concern involves assigning “weight” to certain evidence. The majority accepts the Board’s finding that it gave “little weight” to Depomed’s evidence of unexpected results. See Maj. Op. 951-52.
The Board’s assignment of “weight” to this evidence is wrong for two reasons. First, results are either unexpected or they are not. Our case law does not ask *956 whether results are “really unexpected” or just a “little unexpected.” We ask only whether the results are unexpected. As such, it is incorrect to assign a particular weight to that evidence.
Second, assigning weight to objective in-dicia of nonobviousness imposes the very danger of burden-shifting that Magnum Oil forecloses. The Board must decide a binary issue: either the challenged claims would have been obvious or they would not have been obvious. It should make this determination only after considering all evidence—both supporting and detracting from a finding of obviousness. For us to assign “weight” to each piece of evidence implies a new, incorrect standard of review. Our review is not, for example, whether evidence of unexpected results “outweighs” the similarity between the challenged claims and the prior art. Our review is whether the challenged claims would have been obvious.[5]
Despite my reservations with both the Board’s and majority’s analyses, I do not believe remand is necessary here. De-pomed’s objective indicia, even if analyzed under the proper framework, do not compel a conclusion of nonobviousness in view of Shell and Papadimitriou. I therefore concur in affirming the Board’s ultimate obviousness determination.

. See, e.g., Apple Inc. v. Samsung Elecs. Co., 839 F.3d 1034, 1052 (Fed. Cir. 2016) (en banc) (relying on industry praise, copying, *954 commercial success, and long-felt need to determine that certain claims would not have been obvious); Leo Pharm. Prods., Ltd. v. Rea, 726 F.3d 1346, 1357 (Fed. Cir. 2013) (“Whether before the Board or a court, this court has emphasized that consideration of the objective indicia is part of the whole obviousness analysis, not just an afterthought.”); In re Kao, 639 F.3d 1057, 1067 (Fed. Cir. 2011) ("[Wjhen secondary considerations are present, though they are not always disposi-tive, it is error not to consider them.”); Stratoflex v. Aeroquip Corp., 713 F.2d 1530, 1538 (Fed. Cir. 1983) (Markey, C.J.) ("[E]vidence rising out of the so-called 'secondary considerations’ must always when present be considered en route to a determination of obviousness.”).

. KSR Int’l Co. v. Teleflex Inc., 550 U.S. 398, 421, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (“A factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon ex post reasoning.”); Graham v. John Deere Co., 383 U.S. 1, 36, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) (objective indicia "may also serve to ‘guard against slipping into use of hindsight,’ and to resist the temptation to read into the prior art the teachings of the invention in issue”) (citation omitted); Apple, 839 F.3d at 1052 (recognizing that objective indi-cia guard against hindsight bias); In re Cyclobenzaprine, 676 F.3d 1063, 1079 (Fed. Cir. 2012) ("The objective considerations, when considered with the balance of the obviousness evidence in the record, guard as a check against hindsight bias.”).

. Lest there be doubt, counsel for the PTO admitted at oral argument that the Board employed a two-step process. Oral Arg. at 18:40-l 9:16, http://orEilarguments.cafc. uscourts .gov/default. aspx?fl=2016-1378.mp3.

. To be sure, IPR proceedings are not identical to district court litigation. See Cuozzo Speed Techs., LLC v. Lee, — U.S. —, 136 S.Ct. 2131, 2143-44, 195 L.Ed.2d 423 (2016). But as we explained in Cyclobenzaprine and later in Magnum Oil, the similarities most salient to an obviousness analysis discourage burden-shifting.

. By analogy, a district court often considers motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A court denies a 12(b)(6) motion when the plaintiff alleges sufficient facts that, if true, constitute a cause of action. Denial of a 12(b)(6) motion is not a conclusion that the plaintiff will prevail—rather, the court then turns to the defendant's evidence. Only after considering the totality of the evidence from both sides does the court ultimately decide the case.